*Pro Se 1 2016*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

**20-CV-1636 JLR**

GENEVA LANGWORTHY

_____

_____

_____,

Plaintiff(s),

v.

ALTERNATIVE HUMANE SOCIETY

_____

_____,

Defendant(s).

CASE NO. _____
[to be filled in by Clerk's Office]

COMPLAINT FOR A CIVIL CASE

Jury Trial: ☑ Yes   ☐ No

THREE JUDGE COURT

## I.   THE PARTIES TO THIS COMPLAINT

A.   Plaintiff(s)

*Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

| | |
|---|---|
| Name | Geneva Langworthy |
| Street Address | 240 S. Sunnyside Ave. #2082 |
| City and County | Sequim, Clallum County |
| State and Zip Code | WA 98382 |
| Telephone Number | 360-797-3386 |

COMPLAINT FOR A CIVIL CASE - 1

*Pro Se 1 2016*

1

B.      Defendant(s)

2

*Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

3

4

Defendant No. 1

5

| | |
|---|---|
| Name | Alternative Humane Society |
| Job or Title *(if known)* | |
| Street Address | 3233 Iowa Place Drive |
| City and County | Bellingham, Whatcom County |
| State and Zip Code | WA 98229-5991 |
| Telephone Number | 360-671-7445 |

6

7

8

9

10

Defendant No. 2

11

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

12

13

14

15

16

Defendant No. 3

17

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

18

19

20

21

22

23

24

COMPLAINT FOR A CIVIL CASE - 2

*Pro Se 1 2016*

1

Defendant No. 4

2

Name _____

3

Job or Title *(if known)* _____

Street Address _____

4

City and County _____

5

State and Zip Code _____

Telephone Number _____

6

7

8
## II.    BASIS FOR JURISDICTION

9
Federal courts are courts of limited jurisdiction (limited power).  Generally, only two

10
types of cases can be   heard in federal court: cases involving a federal question and cases

11
involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under

12
the United States Constitution or federal laws or treaties is a federal question case.  Under 28

13
U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and

14
the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of

15
citizenship case, no defendant may be a citizen of the same State as any plaintiff.

16
What is the basis for federal court jurisdiction?  *(check all that apply)*

17
☑  Federal question                    ☐  Diversity of citizenship

18
Fill out the paragraphs in this section that apply to this case.

19
A.    If the Basis for Jurisdiction Is a Federal Question

20
List the specific federal statutes, federal treaties, and/or provisions of the United States

21
Constitution that are at issue in this case.

22
Americans with Disabilities Act, Title III _____

23
_____

24
_____

COMPLAINT FOR A CIVIL CASE - 3

*Pro Se 1 2016*

1  B.       If the Basis for Jurisdiction Is Diversity of Citizenship

2              1.      The Plaintiff(s)

3                   a.  If the plaintiff is an individual.

4       The plaintiff (*name*) _____, is a citizen of the

5  State of (*name*) _____.

6                   b.  If the plaintiff is a corporation.

7       The plaintiff, (*name*) _____, is incorporated under

8  the laws of the State of (*name*) _____, is incorporated under

9  the laws of the State of (*name*) _____, and has its principal

10  place of business in the State of (*name*) _____.

11       *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

12

13              2.      The Defendant(s)

14                   a.  If the defendant is an individual.

15       The defendant, (*name*) _____, is a citizen of the

16  State of (*name*) _____. Or is a citizen of

17  (*foreign nation*) _____.

18                   b.  If the defendant is a corporation.

19       The defendant, (*name*) ____Alternative Humane Society____, is incorporated under

20  the laws of the State of (*name*) _____Washington_____, and has its principal

21  place of business in the State of (*name*) ____Bellingham, WA____.

22       Or is incorporated under the laws of (*foreign nation*) _____,

23  and has its principal place of business in (*name*)_____.

24       *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

COMPLAINT FOR A CIVIL CASE - 4

*Pro Se 1 2016*

3.      The Amount in Controversy.

The amount in controversy-the amount the plaintiff claims the defendant owes or the

amount at stake-is more than $75,000, not counting interest and costs of court, because (*explain*):

Plaintiff Langworthy's service dog "Snorri" was individually task-trained and had more
than six years experience in assisting disabled user. Cost of finding a new service dog to
replace Snorri, or to train a new service dog, are enormous. Ms. Langworthy's expenses
~~in pursuing her civil rights unsuccessfully in state court also exceed $75,000.~~
Punitive or compensatory damages should be referred to state court.

## III.      STATEMENT OF CLAIM

*Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as
possible the facts showing that each plaintiff is entitled to the damages or other relief sought.
State how each defendant was involved and what each defendant did that caused the plaintiff
harm or violated the plaintiff's rights, including the dates and places of that involvement or
conduct. If more than one claim is asserted, number each claim and write a short and plain
statement of each claim in a separate paragraph. Attach additional pages if needed.*

SUMMARY: Private animal humane society denied it is a place of public accommodation
under Title III of the ADA,  discriminatorily refused to modify its policies to accommodate
disabled participant, employed discriminatory eligibility criteria to deny participation by
disabled applicant, and retaliated against disabled participant by providing benefits and
services that were separate and inferior because disabled participant filed suit and attempted
to assert her rights under the Americans with Disabilities Act. See Attached Statement of
Claim.

## IV.      RELIEF

*State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do
not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing
at the present time. Include the amounts of any actual damages claimed for the acts alleged and
the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts,
and the reasons you claim you are entitled to actual or punitive money damages.*

Discrimination is on-going in that disabled participant is still denied reasonable accommodation

and denied access. Plaintiff seeks enforcement of compliance with Title III of ADA and

guarantee of right of participation in the program. Plaintiff is entitled to adopt a service dog

comparable to her own individually task-trained service dog withheld by the private entity.

## V.      CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my

knowledge, information, and belief that this complaint: (1) is not being presented for an improper

COMPLAINT FOR A CIVIL CASE - 5

*Pro Se 1 2016*

1   purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2   (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or

3   reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so

4   identified, will likely have evidentiary support after a reasonable opportunity for further

5   investigation or discovery; and (4) the complaint otherwise complies with the requirements of

6   Rule 11.

7          I agree to provide the Clerk's Office with any changes to my address where case-related

8   papers may be served. I understand that my failure to keep a current address on file with the

9   Clerk's Office may result in the dismissal of my case.

10      Date of signing:              October 29, 2020

11      Signature of Plaintiff

12      Printed Name of Plaintiff        Geneva Langworthy

13

14      Date of signing:

15      Signature of Plaintiff

16      Printed Name of Plaintiff

17

18      Date of signing:

19      Signature of Plaintiff

20      Printed Name of Plaintiff

21

22

23

24

COMPLAINT FOR A CIVIL CASE - 6

# STATEMENT OF CLAIM

1.      On May 17, 2019, Plaintiff Langworthy filed a civil complaint in Whatcom Superior Court against the Alternative Humane Society (AHS) of Whatcom County for failure to modify and for disability discrimination. Langworthy alleged that the AHS failed to modify their policies, practices and procedures to allow her to redeem or re-adopt her service dog "Snorri" from them, after Langworthy entrusted her service dog to the AHS for a temporary stay on May 11, 2019, when Plaintiff was injured and symptomatic.

2.      On May 17, 2019, the Alternative Humane Society denied that they are a Place of Public Accommodation under the ADA, and have continued to deny that they are subject to the ADA since that date. The AHS sells dogs and cats to the general public, using public accommodations locations such as Petco to stage so-called "adoption events".

3.      On August 3, 2019, AHS informed Ms. Langworthy of their intention to deny Plaintiff equal benefits and services by the organization. The AHS normally puts healthy, adoptable dogs or cats immediately up for adoption by advertising the animals on the AHS website, facebook page, and Petfinder page. On August 3, 2019, the AHS stated that, rather than providing their normal service, the AHS would "do as it wishes" with Snorri.

4.      The AHS obtained physical possession of Snorri on May 11, 2019. Rather than following their established protocol and making Snorri available for adoption by the

STATEMENT OF CLAIM
page 1

public, the AHS kept Snorri hidden from May 11, 2019, until some time in November, 2019.

5.      Between May 11, 2019, and November 15, 2019, the AHS ignored or denied 4 different applications by Plaintiff Langworthy to re-adopt Snorri from them. Ms. Langworthy has proved that she is otherwise-qualified to own or adopt Snorri, including two notarized affidavits by Snorri's veterinarian, Dr. Jenny Rees, in support of the AHS returning Snorri to her disabled user. When contacted by phone in May, 2019, Dr. Rees had recommended to the AHS that they should return Snorri to her home, as she was always "happy, well-adjusted and outgoing" in Langworthy's care.

6.      In August, 2019, Ms. Langworthy submitted an application to adopt a border collie mix from the Alternative Humane Society.

7.      On Sept 3, 2019, the AHS retaliatorily denied Ms. Langworthy's application to adopt a different dog from them, employing discriminatory eligibility criteria, including leash restraint. The reasons offered for the denial of Ms. Langworthy's application were a pretext for disability discrimination.

8.      Ms. Langworthy submitted a reasonable accommodation request to the AHS to be allowed to adopt a dog even though her disabilities require her to keep her dogs under verbal restraint, instead of physical restraint. Ms. Langworthy also explained that she lives on several acres in an unincorporated area with no leash laws. The AHS refused to respond, and retaliatorily denied Ms. Langworthy's second reasonable accommodation request to the organization.

STATEMENT OF CLAIM
page 2

9.      The AHS retaliatorily transferred possession of Snorri to one of their volunteers

in 2019, with the intent to permanently deprive Ms. Langworthy of her service dog.

Snorri was not treated in the manner that the dogs of non-disabled participants are

treated, forcing Ms. Langworthy to accept separate and inferior benefits and services.

Snorri was kept hidden and confined for at least six months. Snorri was never made

available for adoption by the public, in order to prevent Ms. Langworthy from ever being

able to recover her service dog. In this manner, the AHS violated the ADA by

discriminating against Ms. Langworthy because of her disabilities.

DATED 5 November, 2020.

Respectfully submitted by Geneva Langworthy
disabled Plaintiff pro se
PO Box 2082
Sequim, WA 98382
360.797.3386